UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN JASON KING,

    Plaintiff,

    v.

WCC STAFF, et al.,

    Defendants.

CASE NO. C16-466 BHS-KLS

ORDER TO SHOW CAUSE OR TO AMEND

Before the Court for review is Plaintiff John Jason King's proposed civil rights complaint. Dkt. 6. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 5. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by June 30, 2016**.

## BACKGROUND

Plaintiff is incarcerated at Stafford Creek Corrections Center (SCCC). He purports to sue numerous unnamed staff at the Coyote Ridge Corrections Center (CRCC) and Washington Corrections Center (WCC), including superintendents, mailroom staff, transport officers, and grievance coordinators. In addition, he names nine individual staff members. He seeks $3.5 million dollars in damages. Dkt. 6. Plaintiff appears to raise three separate claims.

1	Plaintiff first alleges that on September 27, 2013, he attempted to file a notice of appeal
2	in a Benton County Superior Court case.  After he was told by the unit sergeant that he could
3	place his notice in the regular mail, the mail was returned to him with instructions that he had to
4	send it through the legal mail log book.  On October 1, 2013, he sent a letter to the Benton
5	County Superior Court Clerk, and a letter and notice of appeal to the Washington Court of
6	Appeals, Division III.  He was advised on October 30, 2013 by the court of appeals that the
7	Benton County Superior Court Clerk did not receive a copy of the notice of appeal.

8	Plaintiff also alleges that on October 10, 2013, he was transferred from WCC to CRCC
9	and unidentified transport staff "willfully and maliciously" destroyed his work product for
10	"Cause Numbers 13-1-00673-5, 13-1-00358, 2CV13-5130-JPH."  He alleges that on arrival, he
11	was placed in a cage reserved specifically for inmates being transported from the hole even
12	though he had never been infracted.  He states that this action was retaliatory.  He states further
13	that at CRCC, CDs relating to his criminal case (Case No. 13-100358-1 and CV-13-4130-JPH)
14	were taken from him while he was "trying to file physical evidence for CV-13-5130 JPH and
15	motion in opposition to defendant's summary judgment."  He states that the CDs are now in the
16	possession of Cynthia Jordan the legal liaison for DOC inmates.  *Id.*

17	Finally, plaintiff alleges that he has continual stress causing high blood pressure.  He
18	alleges that due to his "HDP issues" he was given medication to which he was allergic even
19	though it has always been noted in his medical chart that he is allergic to penicillin.  *Id.*

20	**DISCUSSION**

21	The Court declines to serve the complaint because it contains fatal deficiencies that, if not
22	addressed, might lead to a recommendation of dismissal of the entire action for failure to state a
23	claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

24

Plaintiff's complaint is brought under § 1983.  To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

**A.     Personal Participation**

To state a claim under § 1983, a plaintiff must also allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.  Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights.  *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In short, "there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").  While individual governmental agents may still be held liable for group participation in unlawful conduct, there must be some showing of "individual participation in the unlawful conduct" for imposition of liability under § 1983. *Jones*, 297 F.3d at 935.  Absent such individual participation, an officer cannot be held liable based solely on membership in a group or team that engages in unconstitutional conduct unless each officer had "integral participation" in the constitutional violation alleged.  *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996).

1        Plaintiff names several groups, such as WCC Staff, WCC Officers, R-4 Unit Staff, Mail
2   Room, Transporting Officers – WCC (10-10-13), and CRCC Grievance Coordinators.  As noted,
3   groups of individuals cannot be held liable.  Plaintiff must name each individual and state the
4   alleged wrong-doing of each individual.

5        Plaintiff also names John Doe 1-10 and Jane Doe 1-10 but includes no allegations in his
6   complaint as to any potential Doe defendant.  The inclusion of John and Jane Does in a
7   complaint may be appropriate if a plaintiff knows that he has been harmed by an individual but
8   does not know that individual's name.  However, the plaintiff should allege facts surrounding
9   each potential "Doe" defendant sufficient to allow identification of the missing defendant.
10  Simply naming 20 additional blank defendants to act as place fillers in a complaint is not
11  appropriate.

12       Plaintiff names CRCC Superintendent Jeffrey Uttecht, WCC Superintendent Scott
13  Russell, and DOC Manager Roy Gonzales, but includes no allegations against these individuals.
14  Plaintiff is advised that he cannot bring § 1983 action against a supervisor on a theory that the
15  supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S.
16  312, 325 (1981).

17       Plaintiff names several individuals, including James Miller, Benjamin Rodriguez, CPM
18  Duncan, Lori Wonders, C/O Martinez, C/O Dunco, and C.U.S. J. Miller, but alleges no facts as
19  to these individuals.

20       As to each individual named in his complaint, plaintiff must describe who violated his
21  rights, when they violated his rights, and how this violation caused him harm.  Absent such
22  allegations, the individuals named in the complaint will be dismissed.  Sweeping conclusory
23  allegations against an official are insufficient to state a claim for relief.  It is simply not enough
24  to claim that "all the defendants" or that a list of defendants violated his rights.  The plaintiff

must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**B.     First Amendment – Interference with Court Filings**

Plaintiff complains of interference with two court filings – one in September 2013 related to an appeal of a Benton County Superior Court case – and one in October 2013 related to his criminal case. He also claims that work product was "willfully and maliciously destroyed."

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held that inmates possess a fundamental constitutional right of access to courts in order to contest the fact, duration and conditions of their confinement. *Id.* at 822-23. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained that the "Constitution does not require that prisoners be able to conduct generalized research," but rather, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions or their confinement." *Id.* at 355, 360. The Ninth Circuit has held that this right does not extend beyond the initial pleading phase. *Cornett v. Donovan*, 51 F.3d 894 (9th Cir. 1995). Further, this right does not require that prison officials provide affirmative assistance, but rather forbids states from "erecting barriers that impede the right of access of incarcerated persons." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (citing *John L. v. Adams*, 969 F.2d 228 [6th Cir. 1992]).

In order to establish a violation of the right of access to courts, an inmate must show actual injury. Actual injury results from "some specific instances in which an inmate was actually denied access to the courts." *Sands v. Lewis,* 886 F.2d 1166*,* 1170-71 (9th Cir. 1989). Moreover, a prison regulation impinging on inmates' constitutional rights, even a right of access to the courts, is valid if it is reasonably related to legitimate penological interests. *See Lewis*, 518 U.S. at 353 (citing to *Turner v. Safley,* 482 U.S. 78, (1987).

As to the September 2013 filing, plaintiff alleges that his notice of appeal was filed with the Washington Court of Appeals Division III but the Benton County Superior Court Clerk did not receive its copy of the notice of appeal. He fails to allege that he suffered any actual injury, *i.e.*, missing a court imposed deadline, defaulting on his claims, or being prevented from seeking a continuance due to any action by a state actor. Plaintiff is given leave to amend his complaint to add allegations specific to this claim.

As to his October 2013 filing, plaintiff alleges that evidence was taken from him while he was trying to file physical evidence in response to a motion for summary judgment and that the CDs are now in the possession of Cynthia Jordan. Plaintiff fails to allege sufficient facts from which it may be inferred that he suffered any actual injury. Plaintiff should describe the evidence and explain how he suffered actual injury, *i.e.*, missing a court imposed deadline, defaulting on his claims, or being prevented from seeking a continuance due to any action by a state actor. Plaintiff is given leave to amend his complaint to add allegations specific to this claim.

As to his claim that unknown transport staff "willfully and maliciously destroyed his work product," plaintiff fails to allege that he suffered any injury and fails to allege who harmed him. In addition, plaintiff is advised that while the Fourteenth Amendment provides that no state shall deprive any person of property without due process of law (U.S. CONST. amend. XIV, § 1), when a prisoner alleges an intentional or negligent deprivation of his property by an unauthorized action of a prison official, there is no violation of procedural due process if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 468 (1984) (intentional deprivations of property); *Parratt v. Taylor*, 451 U.S. 527, 537 (1981) (negligent deprivations of property). This is because "when deprivations of property are effected through random and unauthorized conduct of a state employee, pre-deprivation procedures are

1   simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson*,
2   468 U.S. at 533.  On the other hand, when the deprivation occurs pursuant to "state law,
3   regulation, or institutionalized practice, it is neither random nor unauthorized, but wholly
4   predictable, authorized, and within the power of the state to control," and the justifications for
5   post-deprivation remedies does not apply and the normal pre-deprivation hearing is required to
6   satisfy due process.  *Haygood v. Younger*, 769 F.2d 1350,1357 (9th Cir.1985) ( en banc ), *cert.*
7   *denied*, 478 U.S. 1020 (1986) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436
8   (1982)); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 737–38 (9th Cir.2001).
9          Under Washington law, plaintiff may file a tort claim and a civil action against the state
10  of Washington for the unlawful loss or destruction of his personal property.  RCW 72.02.045
11  (state and/or state officials liable for the negligent or intentional loss of inmate property); RCW
12  4.92.090.-.100 (state liable for the tortious conduct of state officials and employees); *see also*
13  *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986) (state of Washington provides a
14  meaningful remedy for the loss of an inmate's property by state officials).  Because the state of
15  Washington provides a meaningful remedy for the loss of his personal property, plaintiff would
16  have no viable due process claim.
17  **C.     Retaliation**
18         Plaintiff also alleges that when he was transferred to CRCC, he was placed in a cage and
19  that this action was retaliatory.  He does not allege who placed him there, the conditions
20  surrounding his placement, or what constitutional activity he was engaged in that gave rise to the
21  retaliation.  When a prisoner alleges retaliation, he must prove five elements: (1) that he was
22  subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3)
23  the conduct that gave rise to the adverse action is legally protected; (4) the adverse action chilled
24

the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

Plaintiff must also show that the retaliation was the substantial or motivating factor behind the conduct of the prison official. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). And, the prisoner must show his first amendment rights were actually chilled by the retaliatory action. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

Plaintiff has not sufficiently plead a § 1983 retaliation claim. Plaintiff is given leave to file an amended complaint to include factual allegations specific to this claim.

**D.     Eighth Amendment - Medical**

Plaintiff alleges that he suffers from high blood pressure, HDP, and that he was given a medication, presumably containing penicillin, to which he was allergic even though it is clearly noted in medical chart that he is allergic to penicillin. Plaintiff does not describe the nature of his medical needs, who prescribed the medication, when this occurred, or how he was harmed.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060). To state a claim for violation of the Eighth

Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *see also McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff has failed to set forth facts sufficient to state a claim under the Eighth Amendment. If he intends to pursue this claim, he must submit an amended complaint setting out facts showing he was suffering from a serious medical need and that a specific person or persons knew of and disregarded a significant risk to his health.

ORDER TO SHOW CAUSE OR TO AMEND- 9

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before June 30, 2016.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

**DATED** this 25th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge